RULEY, JUDGE:
Sam Anderson, a minor, was placed in the custody of the West Virginia Department of Welfare for placement at the Samaritan House in Wheeling, West Virginia, on October 18,1978, by the Ohio County Juvenile Court, pending a hearing on a charge of truancy filed with said Court on October 11, 1978. On October 25, 1978, the day before the hearing on truancy, Sam Anderson left the Samaritan House and took claimant’s car from in front of her residence at 1304 Lynn Street, Wheeling, on what is commonly known as a joy ride. The facts clearly indicate that the Anderson boy previously had obtained a set of keys to claimant’s vehicle, although the manner and means used by Anderson to obtain the keys remains a mystery. Claimant seeks recovery of $400.00 for damages to her 1970 Oldsmobile incident to the joy ride.
The Samaritan House is a half-way house for juveniles. At the time of this incident there were no security facilities at the Samaritan House. The record further indicates that the Samaritan House generally is utilized for rehabilitation of first time offenders, who are truants or have drug problems. Sam Anderson had committed several offenses of joy-riding and destruction of property before his placement at the Samaritan House on October *133 18, 1978. The Samaritan House personnel were informed of Anderson’s juvenile record at the time of his placement.
Disposition of alleged juvenile offenders or convicted juvenile offenders is one of the most difficult decisions that our courts are required to make. The primary factor in determining the proper disposition of any juvenile must be rehabilitation. In this case the Ohio County Juvenile Court remanded Anderson into the care, control and custody of the West Virginia Department of Welfare at the Samaritan House. The Ohio County Juvenile Court was fully aware of Anderson’s record and the nature of the Samaritan House operation at the time of disposition. This Court acknowledges the sincerity of claimant’s allegations and her belief that improper disposition of the juvenile Anderson led to the damages of which she complains. However, respondent cannot be found negligent for following the Ohio County Juvenile Court’s disposition order. For that reason, this claim must be denied. Although not directly applicable to this case, an excellent discussion of negligence in the placement of children may be found in 90 A.L.R. 3d 1214.
Claim disallowed.